ALEXANDER *v.* STATE

No. 40418 March 11, 1957 93 So. 2d 457

*Jack M. Greaves,* Canton, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson. for appellee.

HALL, J.

Appellant was indicted for murder of Angie Lee Cook and at the trial was found guilty of manslaughter. In its verdict the jury recommended the maximum penalty for manslaughter and he was sentenced to serve a term of twenty years in the state penitentiary, from which he appeals.

The only assignment of error which is argued is that the lower court erred in refusing to set aside the verdict of the jury and grant the appellant a new trial, the contention being that the State failed to prove the guilt of defendant beyond a reasonable doubt and to a moral certainty and that the jury found contrary to the law and the evidence.

The record shows that appellant and the deceased were not married but had been living together as husband and wife for about two years on a farm about five or six miles from Canton, Mississippi. The shooting was on Wednesday night, June 27, 1956. On the previous Monday night the deceased had left the appellant and had gone to visit her mother who lives in Canton. Amos Luckett testified for the State that on the night in question he and Henry Doyle were sitting on a bench in front of Riddle's store and that Amos got in his car and went to pick up his girl friend Ossie Lee Tanner, and after getting her he returned and drove through an alley and stopped at its intersection with a street and that while they were stopped Henry came with the deceased and they got in his car. Ossie Lee was on the back seat of the car and Henry and the deceased got on the front seat, the deceased being in the middle, and Henry being next to the righthand door and Amos started to pull out of the alley and into the street and had to stop because of the traffic in the street and the appellant came around in front of the car and the girls in the car told Amos to go ahead, but he was unable to do so because of the traffic in the street; that thereupon the appellant came to the right side of the car and looked in and told the deceased to get out, and she told Amos to go ahead; before he could do so Henry cursed Roy and started to get out of the car and Roy pulled a pistol and shot Angie Lee while she was sitting on the front seat of the car next to Amos. Shortly after the shooting Henry left Canton and went to Chicago and was not available as a witness at the trial. Amos further testified that the

deceased had no weapon and was not trying to do anything to Roy, and if Henry had a weapon Amos did not see it. He also said that Henry's reputation for fighting was bad.

Ossie Lee Tanner testified that she had a date with Amos that night and he came and got her in his car and they went by Mr. Riddle's store and parked in the alley. She was on the back seat and Amos was driving. After they parked Amos got out of the car and talked to Henry and then Henry brought Angie Lee to the car and both of them got in on the front seat; that thereupon the appellant came to the side of the car and said "Angie Lee, I thought I told you not to get in the car". Angie Lee told Amos to go ahead and he started to drive off and Henry pushed the car door open and started to get out; the door slightly touched appellant and Henry got out of the car with his hand in his pocket while Roy, the appellant, had his hand in his pocket too; that Amos started to drive out of the alley and Henry got back in the car and Roy thereupon shot once and then fired two more shots whereupon Angie Lee screamed and said "Oh my Lord, Roy done shot me", and further said "You all come and take me to the hospital", and Amos said that he would not move the car until the police came. The officers arrived in a very few minutes and Angie Lee was taken to the hospital.

Roy ran down the alley and got his car and picked up T. T. Brown, who lived on the same place that Roy lived on, and they both went home where Roy was later arrested by the sheriff and where Roy gave the sheriff the pistol which he used in the shooting, which was a 25 calibre Colt Automatic.

As soon as a policeman arrived at the scene of the shooting he found Angie Lee in the car suffering from a bullet wound and they carried her to the hospital and he then went with the sheriff to Roy's home and asked Roy why he shot Angie Lee, and Roy said that he was

mad at her and walked up to the car and started shooting her. He further said that he wasn't mad at anyone but Angie Lee, and further said that he did not fire at Henry Doyle.

Angie Lee was attended at the hospital by a surgeon who testified that the bullet wound was about half way between the shoulder and the hip and a little to the rear. He operated to remove the bullet and described in detail the internal wounds which he found. Angie Lee died in the hospital on July 5, 1956, and the surgeon was positive that she died from the bullet wound. On this testimony the State rested its case.

The appellant testified that he was not shooting at Angie Lee but was shooting at Henry Doyle because he was afraid of Henry and believed that his life was in danger. He denied that he told the policeman that he was shooting at Angie Lee, and maintained that he was firing only at Henry because he was scared. He said that on the night in question he came to town just to go to the picture show and had no real reason to carry his pistol with him. The appellant was corroborated in some respects by T. T. Brown, who said that he and appellant are good friends and that he was about 8 feet away when the shooting started. The only other evidence offered by appellant was that of two character witnesses who said that appellant's reputation for peace and violence was good.

 We are of the opinion that the State did satisfactorily prove the guilt of the appellant sufficiently to make an issue for decision by a jury and that the verdict was not contrary to the law and the evidence, and therefore the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes,* JJ., concur.